## ISAAC MERRITT *vs.* WILLIAM MORSE.

To sustain an action for breach of the defendant's covenant to warrant the title to land conveyed by him to the plaintiff, records of judgments rendered against the plaintiff, in suits by him against a third person, for flowing the land under the mill act, and for trespassing thereon, and in a suit by this person against him for a like trespass, are admissible, in connection with parol evidence that his title to the land was at issue therein, and either that it formed the ground of the verdicts, or, if he suffered defaults, that he did so because he could not defend it against the superior title in said person.

If a bill of exceptions to the admission of the record of a judgment in evidence, which would have been admissible in connection with oral testimony of a particular character, states generally that oral testimony was offered in connection with it, the testimony referred to will be assumed to have been of that character.

A deed of "a certain water privilege and lot of land, situate in X" and "having two dams," and of "also all the lands which the said dams will flow," will pass title to land flowed by the dams, although not situate in X.

CONTRACT, brought February 12, 1868, for breach of covenants of warranty and defence of title, and against incumbrances, in a deed dated April 28, 1863, in which the defendant, for the consideration of $840, granted, bargained, sold and conveyed to the plaintiff " a certain water privilege, lot of land and buildings

thereon, situate in Easton, in the county of Bristol, on the northerly side of the road leading from the Methodist meeting-house in Easton to the Taunton and South Boston turnpike, so called, in North Bridgewater, and was formerly owned and occupied for a forge by Eliphalet Leonard, deceased, and known by the appellation of the Eliphalet Leonard privilege, having two dams, one about three rods above the aforementioned road, and the other about eleven or twelve rods above said road, together with all the land situate between the first mentioned dam and the aforementioned road, and bounded easterly by a line leading from the east end of the dam southerly to the said road, and bounded westerly by the west side of the road leading from the abovementioned road to the factory ; also all the land which the said first mentioned dam will flow ; also all the land which the said second mentioned dam will flow ; together with said dams ; or however otherwise bounded and described ; it being the privilege and lot of land formerly conveyed to Jeremiah Kelly and Samuel B. King," to whose deed, dated March 5, 1832, and duly recorded, " reference may be had for a more particular description."

The alleged breaches of the covenants were, in that " the defendant was not seised in fee of a part of the land, described as ' all the land situate between the first mentioned dam and the aforementioned road, and bounded easterly by a line leading from the east end of the dam southerly to the said road, and bounded westerly by the west side of the road leading from the abovementioned road to the factory,' but the same was held adversely by Calvin Marshall, and said Marshall has evicted and ousted the plaintiff therefrom ; and the defendant was not seised in fee of another part of the land, described as ' all the land which the said first mentioned dam will flow,' but the same was held adversely by Calvin Marshall ; and the defendant was not seised in fee of another part of said land, described as ' all the land which the said second mentioned dam will flow,' but the same was held adversely in part by Calvin Marshall, and a part by Howard Marshall ; and the defendant has not warranted and defended the premises against the lawful claims and demands of all persons, but the plaintiff has been put to the expense of $500 in

attempting to maintain his title to the premises described in said deed, and has been evicted and ousted therefrom ; and said premises are not free from all incumbrances, but Calvin Marshall had a right or easement in said premises to cut and carry away the trees, grass and gravel of said land, and other rights or easements therein."

At the trial in the superior court at September term 1869, before *Pitman*, J., it appeared that a tract of land comprising the premises and some ninety additional acres, was on March 5, 1832, owned by a person, who that day conveyed to Jeremiah Kelly and Samuel B. King a water privilege thereon and land connected with it, and afterwards, on April 1, 1837, conveyed to Calvin Marshall the rest of the tract ; that the title of Kelly and King was in the defendant at the time of his conveyance to the plaintiff on April 28, 1863 ; and, that the description of the granted premises in the deed of the original owner to Kelly and King was like the description in the defendant's deed to the plaintiff, save that where the latter described part of them as " bounded easterly by a line leading from the east end of the dam southerly to the said road, and bounded westerly by the west side of the road leading from the abovementioned road to the factory," the former described said boundary as " from the old wasteway or natural watercourse, which is on the east, to a Balm of Gilead stump in the dam in a westerly direction, and still further in the same direction twelve feet on said dam, thence south to said abovementioned road."

The plaintiff, to prove a breach of the said covenants in the defendant's deed to him, offered in evidence the record of a judgment rendered against himself in the superior court at December term 1867, on a complaint filed April 4, 1864, under the mill act, Gen. Sts. *c.* 149, for flowing Marshall's land by the two dams, wherein this plaintiff alleged in defence that he was seised and possessed in fee simple of all the land flowed.* The defendant objected to the admission of the record, and the objection was overruled.

---

* See 13 Allen, 274; 97 Mass. 516 ; 100 Mass. 244; 103 Mass. 45.

The plaintiff was also permitted to put in evidence, for the same purpose, against the objection of the defendant, the record of a judgment rendered against himself in the superior court at December term 1864, in an action of tort brought by him in December 1863 against Calvin Marshall for trespassing on his premises, wherein Marshall alleged in defence a claim of soil and freehold in himself in a part of said premises, and denied any trespass on the rest thereof ; and also the record of another judgment rendered against himself, on his default, in the superior court at March term 1865, in an action of tort brought against him in June 1864 by Calvin Marshall, for trespassing on the said premises.*

" Parol evidence was offered in connection with these several judgments, and the whole was submitted to the jury under instructions which were not excepted to except so far as relates to the admissibility of the evidence heretofore referred to."

The plaintiff was further permitted to put in evidence, for the same purpose, a deed of Ransom Packard to Howard Marshall of a parcel of land described therein as situate in the county of Plymouth ; against the objection of the defendant, who contended that it was inadmissible, on the ground that the defendant's deed to the plaintiff conveyed only land " situate in Easton, in the county of Bristol."

The jury returned a verdict for the plaintiff for damages in the sum of $372.21 ; and found specially that of this sum they allowed $256 " on account of the land described first in the plaintiff's declaration," $10 " on account of the land described as the land which the lower dam will flow," $75 " on account of the land described as the land which the upper dam will flow," and $31.21 for interest. The defendant alleged exceptions.

Before the case was submitted to the jury, it was agreed by the parties, and ordered by the court, that, " if the verdict is for the plaintiff, then the case is to go to an auditor to ascertain and report what sum, if any, should be allowed to the plaintiff for

---

* See, in similar connection, 11 Allen, 229; 13 Allen, 288 ; 97 Mass. 517, 519.

costs and expenses in suits for the assertion or defence of title, and whatever sum may be finally allowed upon the coming in of said report shall be added to the verdict of the jury, and judgment rendered for the gross sum." After the verdict, the case was accordingly referred to an auditor, who reported that at the hearing before him the plaintiff put in evidence the records of three judgments in suits between himself and Calvin Marshall, together with parol evidence that the title to part of the premises in dispute was asserted or defended by himself in each of said suits, and other parol evidence of notices to this defendant of the pendency of one or more of the suits, and requests to him by this plaintiff to defend them, and of the plaintiff's costs and expenses therein, upon all which evidence the auditor found that the plaintiff was entitled to recover the amount of said judgments, and a part of his said costs and expenses, $320.30 in all. The plaintiff moved for the acceptance of the report, and addition of that sum to the verdict. The defendant objected ; but waived his right to a trial by jury, and agreed to a hearing of the subject matter of the report, at March term 1871, before *Reed,* J., who ordered a judgment for the plaintiff and allowed a bill of exceptions of which the following is the material part :

" Upon this said trial it was agreed by the parties, and the court found, that the copies of judgments put in evidence before the auditor, and also put in evidence before the court, were the same judgments which were submitted to the jury upon the main trial ; and that the jury based their said verdict on each of said judgments. Thereupon the court ruled, against the objection of the defendant, that, for the purposes of this hearing, the said verdict settled conclusively that the question of title to the real estate, or some portion of it, described in the declaration, was involved in the suits in which said judgments were entered; and that the only questions in this regard which were open were as to the fitness and propriety and amount of the items claimed. No evidence upon that subject was offered except the auditor's report. The court found the items allowed by the auditor to be correct, and found for the plaintiff in the same sum found by the auditor. The defendant excepts to the foregoing rulings." The two bills of exceptions were argued together.

*J. Brown,* for the defendant.

*C. A. Reed & E. Robinson,* for the plaintiff.

AMES, J.   In order to maintain his action, it was necessary for the plaintiff to show that he had been evicted by a superior title from the estate described in his deed, or that he had yielded to such superior title, and so had been deprived, in whole or in part, of the title or advantage which that deed purported to convey. The judgments which he offered in evidence are clearly competent for that purpose.

The judgment in the complaint under the mill act is decisive upon the point that he could not under that deed make out a full title, or any title, to the land which the two dams, described in that deed, would flow.

The judgment which was rendered against him, in a suit which he brought against Calvin Marshall for an alleged trespass upon the close described in the deed, was also admissible, on the ground that it was a suit in which his title to the same lot of land might have been and was put in issue.   The record in that case shows that Marshall claimed soil and freehold in the close described, and also denied that he had committed any trespass.   It does not appear what the parol evidence was which was admitted in relation to that suit ; but it is well settled that, under our system of pleading, parol evidence is not only admissible, but is usually indispensable, to show what, of various points comprehended under a general plea, was really in controversy, and formed the ground of decision.   *Eastman* v. *Cooper,* 15 Pick. 276.   *Sawyer* v. *Woodbury,* 7 Gray, 499.   *Dutton* v. *Woodman,* 9 Cush. 255.   *Burlen* v. *Shannon,* 14 Gray, 433.   *Perkins* v. *Parker,* 10 Allen, 22. In the absence of any specific objection to the parol evidence received, we must assume that it was offered for a purpose for which it could properly have been admitted ; that is, to show that this plaintiff's title was directly put in issue, and that he failed in his suit for want of title to the soil and freehold.

In like manner, in regard to the judgment against this plaintiff upon his default, in an action in which he was charged with trespass upon the same land, it was competent to show, by parol evidence, that he submitted to a default because he could not

defend himself against a superior title in his adversary. *Hamilton*
v. *Cutts*, 4 Mass. 349. *Arnold* v. *Arnold*, 17 Pick. 4. *Stevens*
v. *Taft*, 8 Gray, 419.

The deed purports to be a conveyance of " a certain water
privilege, lot of land, and buildings thereon, situate in Easton, in
the county of Bristol," with a circumstantial and particular de-
scription. It then goes on to say, in a separate clause, " also all
the land which the said first mentioned dam will flow ; also all
the land which the said second mentioned dam will flow ; together
with said dams ; " &c. We think the fact that the dams flow the
water over land part of which is in the county of Plymouth does
not limit the interpretation of the deed to land in the town of
Easton. The expression " situate in Easton " may be considered
as applicable exclusively to the estate included in the special de-
scription ; or it may be rejected as *falsa demonstratio*, if literally
applicable to the general grant of " all the land which the dams
will flow."

The auditor reported that the suits, wherein the judgments
were had, asserted or defended the title to a part of the land de-
scribed in the deed ; and that Morse was duly notified of the
pendency of two at least of these suits, and was requested, and
agreed to take charge of them. At the second trial, therefore,
which was before the judge without a jury, he was authorized to
rule that the question of title was conclusively settled by these
judgments, and also that the items allowed by the auditor were
correct. *Shears* v. *Dusenbury*, 13 Gray, 292. *Chamberlain* v.
*Preble*, 11 Allen, 370. *Haven* v. *Grand Junction Railroad &*
*Depot Co.* 12 Allen, 337.

The exceptions taken at each trial are therefore

*Overruled.*