## MORGAN v. BURR.

The effect of a judgment as an estoppel against another action, upon a different claim or cause of action, between the same parties, and those in privity with them, is, that the judgment in the prior action operates as an estoppel only as to those matters in issue, or points controverted, upon the determination of which the finding or verdict was rendered.

When the precise matter in issue in the former action does not appear upon the face of the record, extrinsic evidence is admissible to show what facts, not inconsistent with the record, were determined and concluded by the former judgment.

A plaintiff claiming damages for flowage, and setting up a judgment as an estoppel to show that the flowage was wrongful, and relying upon facts not necessarily involved in the judgment, has the burden of proof on the question whether such facts formed the basis of the judgment.

CASE, for flowing the plaintiff's land. Besides the issue whether any part of the plaintiff's land was flowed, the boundary line on that part where the flowage was claimed was in dispute. The plaintiff offered in evidence a judgment recovered against the defendant's grantors (the former owners of the defendant's dam and mills) for injuries to his land by reason of flowage caused by said dam, between the tenth day of May and the first day of October, and claimed that this judg-

ment was conclusive on the question as to the right of the defendant to raise his pond to the height of said dam, between those dates, and as to all questions involved except the question of damages. The court ruled that the former judgment was not conclusive, and the plaintiff excepted. The declaration in the present action is identical with the declaration in the former action, so far as relates to the boundaries of the land and the means of flowage. In both actions the land is described as bounded by the highway and by land of adjoining owners.

*Parker* and *Wait*, for the plaintiff.

*Colby & Batchelder*, for the defendant.

CLARK, J. A judgment may be used as evidence between the same parties and their privies, as a bar, in another action for the same cause. The matter may be pleaded, if there be an opportunity to plead it, and when so pleaded it is conclusive. When there is no opportunity to plead the judgment in bar, it may be given in evidence, and is equally conclusive of the matter which is established by it. *Dame* v. *Wingate*, 12 N. H. 291; *King* v. *Chase*, 15 N. H. 9; *Sanderson* v. *Peabody*, 58 N. H. 116.

But the judgment is conclusive only upon the matter which was directly in issue upon the former trial; and by the " matter in issue " is to be understood that matter upon which the plaintiff proceeds by his action, and which the defendant controverts by his pleadings. If the same point was decided in the former suit, it is immaterial that the form of action was different. It is not the recovery, but the matter alleged by the party, and upon which the recovery proceeds, which creates the estoppel. The recovery, of itself, in an action of trespass, is only a bar to the future recovery of damages for the same injury; but the estoppel precludes parties and privies from contending to the contrary of that which has been solemnly found against them, when once distinctly put in issue. *Dame* v. *Wingate*, 12 N. H. 291.

To render a judgment conclusive, even as to the matter in issue between the same parties, that matter must have been decided upon the merits; for if the plaintiff discontinue his action or become nonsuit, or for any other cause there has been no judgment of the court upon the matter in issue, the proceedings are not conclusive. *Demerit* v. *Lyford*, 27 N. H. 541, 548.

The effect of a judgment rendered upon the merits, as a bar or estoppel against the prosecution of a second action upon the same claim or demand, is, that it constitutes an absolute bar to a subsequent action. It is a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose.

The effect of a judgment as an estoppel against another action

between the same parties, upon a different claim or cause of action, is, that the judgment in the prior action operates as an estoppel only as to those matters in issue or points controverted, upon the determination of which the finding or verdict was rendered. The judgment operates as an estoppel only as to those matters which were necessarily involved in the issue, and it does not operate as an estoppel as to any matters not material to the decision, although they may have been submitted to the jury. *Towns* v. *Nims*, 5 N. H. 259 ; *Fogg* v. *Plumer*, 17 N. H. 112 ; *Potter* v. *Baker*, 19 N. H. 166.

It appears, therefore, that a verdict and judgment are conclusive of all matters presupposed by the finding, and of all matters shown to have been the basis of such finding. Hence it follows that parol evidence is admissible to show what facts, not inconsistent with the record, were necessarily or actually the basis of the finding. *King* v. *Chase*, 15 N. H. 9 ; *Littleton* v. *Richardson*, 34 N. H. 179 ; *Taylor* v. *Dustin*, 43 N. H. 493 ; *Smith* v. *Smith*, 50 N. H. 212 ; *Bascom* v. *Manning*, 52 N. H. 132 ; *Sanderson* v. *Peabody*, 58 N. H. 116 ; *Cromwell* v. *County of Sac.*, 94 W. S. 351 ; *Campbell* v. *Rankin*, 99 U. S. 261 ; *Packet Co.* v. *Sickles*, 5 Wall. 580 ; *Emery* v. *Fowler*, 39 Me. 326 ; *Walker* v. *Chase*, 53 Me. 258 ; *Lander* v. *Arno*, 65 Me. 26 ; *Burlen* v. *Shannon*, 14 Gray 433 ; *Merritt* v. *Morse*, 108 Mass. 270 ; *White* v. *Chase*, 128 Mass. 158 ; *Clapp* v. *Herrick*, 129 Mass. 292.

In the case now under consideration, the judgment offered in evidence by the plaintiff is a judgment recovered by him against the former owners of the defendant's dam and mills (the persons from whom the defendant derives his title), for injuries to the plaintiff's land by reason of flowage caused by the defendant's dam, between the 10th of May and the 1st of October. The declaration in the action in which that judgment was recovered was the same as the declaration in the present action, so far as the boundaries of the plaintiff's land and the means of flowage are concerned. The matter in issue in that suit was, whether the plaintiff's land was overflowed by means of the defendant's dam without right. The judgment determined that some portion of the premises described in the declaration was overflowed by reason of the defendant's dam ; that such flowage was without right between the 10th day of May and the 1st day of October ; and that the defendant was liable for the damages caused thereby to the plaintiff.

In the present action the matter in issue is, whether the defendant has the right to overflow the same land of the plaintiff by means of the same dam. The issue upon the face of the pleadings is the same in both cases, and the record of the former judgment, recovered against the defendant's grantors, is admissible ; and as the plaintiff has had no opportunity to plead it, it is conclusive, when offered in evidence, as to all matters necessarily determined in the former suit.

But, notwithstanding the declaration in both cases is the same, it is apparent that the record of the former judgment does not show what matters were necessarily determined in that action. The plaintiff's

land is described in the declaration as bounded by the highway and by land of adjoining owners, but it does not otherwise appear where the lines were, or whether any question of title was in issue in the former suit; neither does it appear what portion of the plaintiff's land was flowed by the defendant's dam. Proof that any part of the land described in the plaintiff's declaration was flowed by the defendant's dam without right was sufficient to maintain the former action.

As it does not appear upon the face of the record what was in issue in the former suit, extrinsic evidence may be introduced to show what was determined and concluded by that judgment; and we think the burden of proof is upon the plaintiff, in the first instance, to introduce some evidence tending to show that the issues in this action are the same as those determined in the former action. *Taylor* v. *Dustin*, 43 N. H. 493, 496.

*Case discharged.*

STANLEY and ALLEN, JJ., did not sit.