Merrimack, }
June, 1894. }

BURNS *v.* BURNS.

Admissible evidence, which was found insufficient to prove the commission
     of adultery on a certain day, is not thereby rendered incompetent in the
     trial of a subsequent libel for divorce to prove the offence on another day.
A decree in a divorce proceeding, adverse to an allegation of adultery com-
     mitted on a certain day and on divers other days, is not necessarily an
     adjudication covering the whole time alleged.   On the trial of a like alle-
     gation in a subsequent libel, evidence of the issue actually tried in the
     former case may be admissible.

LIBEL FOR DIVORCE.   The cause alleged is the wife's adultery
with one S., on or about April 1, 1890.   The defendant filed an
answer denying the charge and averring that the question of her
adultery before October 28, 1891, had been adjudicated in her
favor.   On that date she filed a petition against her husband for
separate maintenance, alleging non-support.   At the April term,
1892, the cause was tried.   The husband admitted that he had
refused to support his wife, but alleged in justification that she
had committed adultery with S., "on or about February 1, 1891,
and on divers days and times between that date and the date of
the filing of the petition, to wit, October 28, 1891."   A decree
was entered in favor of the wife.   In the present suit the defend-
ant excepted to the ruling allowing the introduction of evidence
tending to prove adultery before October 28, 1891.   The plain-
tiff excepted to the ruling that he should be confined to evidence
as to acts of adultery committed since that date, and to acts of
adultery, if any, committed before that date, as to which no evi-
dence was offered on the former trial.   The defendant also
excepted to the last part of this ruling.   The trial was suspended
pending a decision on the exceptions.

*Albin & Martin*, for the plaintiff.

*Sargent & Hollis*, for the defendant.

*Per Curiam.** Though it may be an adjudicated fact that the defendant did not commit adultery with S. on the first day of February, 1891, and on divers subsequent days before October 28, 1891, it does not follow that the evidence, which was found to be insufficient to prove the allegation, cannot be received upon the question whether adultery was afterwards committed by the same parties. The issue presented is not the same in both cases; and while all the competent evidence offered in the former case did not prove the affirmative of the issue then tried, it cannot be said that no part of it is admissible upon the issue raised in this case. Acts of familiarity, the inclinations and purposes of the parties, and a great variety of facts competent to be considered as tending to prove adultery on a particular day, are not rendered incompetent upon the issue of adultery on a subsequent day, by the circumstance that the first allegation was not proved. The competency of the evidence may be the same in both cases, though its probative force may differ.

It is not deemed expedient to consider the exceptions taken to the last ruling of the court. They suggest questions which may not arise on a trial of the case, or which may be presented in forms materially modified by circumstances not now apparent. The exact form of the question of adultery tried in the former case, and the precise terms of the record relating to the times of the alleged adulterous intercourse, if they are matters of record, may be material. The actual issue tried in that case does not appear. The wife was charged with the commission of the crime " on or about February 1, 1891, and on divers days and times between that date and the date of the filing of the petition, to wit, October 28, 1891." The husband may have introduced evidence bearing upon the question of her chastity during the whole of this period, or he may have confined his testimony relating to that subject to a particular day or other portion of the time alleged. In the absence of more definite evidence of what was in fact tried, it cannot be held that the issue determined was as broad as the allegation. *Morgan* v. *Burr*, 58 N. H. 470. A further finding of facts is essential to a satisfactory consideration of the question presented.

*Case discharged.*

SMITH, J., did not sit: the others concurred.

---

* See foot-note on page 22.