Mooney,
In the court of common pleas Weyer filed his amended petition, and therein alleged that in 1888 one Massa W. Baker, being seized in fee simple of certain lands, conveyed the same to Newton Sager Sr.; that at the date of said conveyance Massa W. Baker was intermarried with one Harry B. Baker who did not join in said conveyance or otherwise release his dower in said premises; that about April 25, 1889, Massa W. Baker died leaving said Harry E. Baker her widower, and said widower is still living; that September 22, 1892, Newton Sager Sr., for the consideration of $300.00, by deed duly executed,and with covenants against incumbrances and of general warranty, conveyed said lands to Weyer; that after September 22, 1892, Harry E, Baker before the admeasurement of his said dower estate sold and by deed duly executed conveyed his dower interest in said premises to one Susannah Bechtol; that thereafter in a certain action pending in the court of common pleas of this county, wherein Weyer was plaintiff and Susannah Bechtol was defendant, said Susannah Bechtol, as grantee of Harry E. Baker, by her cross petition demanded, and upon trial established, her claim to dower in said lands, and the court in said action found the value in a gross amount of said dower interest, and charged the amount so found as a lien upon said lands and ordered that in default of payment the lands be sold as upon execution; that “Sager was notified of the pendency and prayer of the cross-petition of Bechtol but failed to make defense in said action;’’ that Weyer was compelled to and did pay the amount of said lien in discharge thereof,and also paid attorney's fees and costs in said action, in all amounting to $175.00, for which amount he prays judgment against said Sager,
To this amended petition Sager filed a general demurrer which was sustained, and Weyer not desiring to further plead, judgment was rendered for defendants on this demurrer. Weyer, as plaintiff in error, now prosecutes error here to reverse this judgment. The errors assigned are sustaining the. demurrer and rendering judgment on demurrer for defendant below.
It is well settled law that “upon suit being brought upon a paramount claim“against one who is entitled to the benefit *712 of any of the covenants for title, he can, by giving proper notice of the action of the party bound by the covenants and requiring him to defend it, relieve himself of the burden of being obliged afterwards in an action on the covenants against the covenantor so notified, to prove the validity of the title of the adverse claimant.” Hamilton v. Cutts, 4 Mass. 353; Merritt v. Mose, 108 Mass. 270; Mason v. Kellog, 38 Mich. 132; Cooper v. Watson, 10 Wend. 205, By such notice the covenantor becomes in effect a party to the action, and for that reason is estopped by the judgment. Smith v. Dixon 27 Ohio St., 471, 477. In pleading an estoppel it is settled that “great particularity and precision shall be observed leaving nothing to intendment. This rule proceeds upon the theory that, as an estoppel concludes a party from asserting the truth, all things essential to give the right to shut out the truth should affirmatively appear.” Anderson v. Hubble, 93 Ind. 570, per Elliott, J. Phillips’ Code Pleading, section 132. It has been held that, “to have the effect of depriving the warrantor of the right to show title, the notice should be unequivocal,certain and explicit; a knowledge of the action and a notice to attend the trial will not do. unless it is attended with express notice that he will be required to defend the title.” Paul v. Witman 3 W. & S., 110; Boyd v. Whitfield, 19 Ark. 470; Somers v. Schmioh, 24 Wis., 421; Axford v. Graham, 57 Mich. 422; Rawle on Covenants, section 119; Freeman Judg. section 181. There are cases which hold that no express demand to defend the suit is necessary (Heiser v. Hatch, 86 N. Y., 614, and cases there cited), but it seems that the rule established ty the weight of authority is that the notice should give the covenantor to understand that he is expected “to furnish testimony,to defend the suit or to aid in the defense” and that the covenantor be tendered “a full fair and previous opportunity to meet the controversy.” Freeman Judg. section 181, and cases there cited. The case of Miller v. Rhoades, 20 Ohio St., 494, as reported does not show what is therein considered as “duenotice”,but it does show that a fair opportunity was given to defend the action.
The amended petition before us does not show what the substance of the notice was, when it was given,nor whether the covenantor was requested to make defense, or was given *713 opportunity to do so. Hence we are of opinion that the allegation as to notice is immaterial, and that as pleaded the judgment rendered in the action of Weyer v. Bechtol does not conclude Sager in this action. The sufficiency of the amended petition must therefore depend upon the facts other than notice averred therein.
The action was for damages for breach of covenant against incumbrances as well as general warranty. The pleading shows that at the date of the covenant the right to dower in Harry E. Baker was consummate. “The covenant against incumbrances is broken as soon as made if an incumbrance in fact exists; and a right of action immediately accrues to the covenantee, at least for nominal damages. ” Stambaugh v. Smith, 23 Ohio St., 584-588, A right of dower consummate is an incumbrance within the covenant. 23 Ohio St., 591; Rawle on Oovenants section 77. Of such action for nominal damages the court of common pleas has exclusive original jurisdiction. Van Dyke v. Rule, 49 Ohio St., 530. Aside from all other allegations the amended petition contains sufficient facts to show that the covenant against incumbrances was broken as soon as made, and that Weyer was entitled to recover nominal damages, without showing that he discharged the incumbrance by payment or otherwise to the person entitled. In this view,to sustain the demurrer was error. It seems, however, that the erroneous refusal of nominal damages in the case before us would be harmless error. Elliott’s Appellate Pro. section 636.
Whether under the facts pleaded plaintiff was entitled to more than nominal damages will depend upon whether dower before assignment is transferable to a stranger to the title.
Dower before assignment is a chose in action. At common law choses in action, in general, were not assignable. This rule did not result from any theory that choses in action are in their nature not alienable, but only from the theory that such transfers “would be the occasion of multiplying of contentions and suits, of great oppression of the people and .the subversion of the due and equal execution of justice.” Lampet’s case, 10 Coke Rep. 46b, 48a, When it was believed that this reason would not apply, choses in action, even at common law, were held assignable. Thus, in *714 asmuch as the king “could do no wrong”, choses in action could be assigned to him, and inasmuch as a release to the person bound would conduce to repose and would avoid litigation, a release was always permitted. Now a transfer to the king or a release of the person ' bound is a conveyance or transfer, for in either case the right passes from the owner to another person. The common law rule as to dower was the same as other choses in action. The dowress before assignment of dower might release her claim to the freeholder in possession, but could not alien her right to any other person. Whether this rule is still the law of Ohio is a question now before us.
In Miller v. Woodman, 14 Ohio 518, the sole question before the court was whether a chancery suit for dower, abating by death of the widow before final decree, could be revived in the name of her administrator. In the course of his opinion Judge Hitchcock says: “It (dower) may be relinquished to him who has the next estate of inheritance in the land out of which it is to be carved, but can not be transferred to a third person.” In Douglas v. McCoy 5 Ohio 523-527, Judge Lane says: “Neither can (dower) be aliened before assignment, so as to enable the grantee to maintain a suit in her own name, for it lies in action only,”' In Todd v. Beatty, Wright, 460, the court refused to cancel notes that were delivered for the purchase price of a dower claim before admeasurement, and it appearing that the estate had been admeasured at suit of the purchaser and the widow consenting, the transaction was treated as a contract to convey and a conveyance decreed. In Grant v. Ludlow, 8 Ohio St., 1, 37, Swan, J. says: “The rule (as to assignments) stated by Story, J., in Comegys v. Vasse; 1 Pet. 213, is undoubtedly correct.” “In general it may be affirmed * * that vested rights ad rem and in re * * * and claims growing out of and adhering to property, may pass-by assignment.” In Finch v. Finch, 10 Ohio St., 501, 509, it was held “Before being assigned, it (dower consummate) is an interest in and concerning lands and tenements, and agreements relating thereto are clearly within the statute of frauds. ” And see Rosenthal v. Mayhugh 33 Ohio St., 155-168, and Mandel v. McClave, 46 Ohio St., 407. In Boltz v. Stoltz, 41 Ohio St., 540, it was held “That a widow’s *715 unassigned right of dower, in lands of her husband, occupied and enjoyed by herself and their children, may be. subjected by proceedings in equity, to the payment of a judgment against her, upon a debt created by her after her husband’s death.” And in that case it was ordered by the court of common pleas that the widow convey her unassigned dower interest to a receiver named; tliat on failure to so. convey the decree operate as a conveyance, and that the receiver proceed by action to have dower assigned. This-judgment was affirmed by the commission. If, now, dower-before assignment is ‘‘an interest in lands”,and ‘‘is property of an ascertainable value”,- and if,when the widow is unwilling to convey, she can be compelled in equity to convey to a receiver and the receiver be empowered to secure and-hold for creditors the dower rights so conveyed, it is difficult to see why dower before assignment cannot be conveyed by the widow to any one, stranger or other, who is willing to purchase. The law to-day is not-dominated by a fear--of maintenance and champerty as it was when Lord Coke-wrote, and when ‘‘Dower, unassigned, cannot be conveyed to a stranger” passed into a proverb. The reason has ceased, the law has changed, and like any other right ira re dower consummate may now be aliened. If, as suggested, the statute makes no provision for the assignment of dower at the suit of the widow’s vendee, it will be remembered that, equity has concurrent jurisdiction with the law in actions-for dower, and has always entertained jurisdiction when for any reason the remedy at law was inadequate. Tiedemam Eq. section 522.
In Nyce v. Obertz, 17 Ohio 71, it was held that in an action for breach of covenant against incumbrances it is not sufficient to show that plaintiff has been compelled to pay a-gross sum to free the premises from dower, but it must be-shown that dower was assigned according to the provisions, of the statute. If dower is an incumbrance and of a value easily ascertainable, and if the damages recoverable are the reasonable expenses in defending the action and the value-of the outstanding dower estate. (Sedg. Dam., section 971, McAlpin v. Woodruff, 11 Ohio St., 120),it is not very clear-why the incumbrance should be required to be charged up~ *716 on the land in any particular manner, Bradbury, J., in Mandel v. McClave, 46 Ohio St., 407-411, speaking of the technical rules announced in the earlier dower cases says: “There seems to be clearly discernible in the Ohio cases, a growing tendency to disregard the older and more technical rules of the earlier cases.” In view of the general trend of decisions inOhio,it may well be doubted whether the rule announced in Nyce v. Obertz, 17 Ohio, 71, would now be followed by our supreme court. However,under section-57-14a,Revised Statutes, the common pleas had power to assess the value of the dower interest at a gross sum and charge the same upon the land under certain circumstances. It will be presumed that these circumstances existed and that the judgment rendered is valid, Grignon v. Astor, 2 How. (U. S.) 340. The amended petition then, even within the rigid rule laid down in 17 Ohio, 71, states facts sufficient to constitute a cause of action on the covenant against incumbrances,
In the case of Johnson v. Nyce, 17 Ohio 66, it was held that “a claim for dower is covered by, the covenant of warranty, and an action for its breach can not be sustained until there has been an eviction or something equivalent”. It was further held that where the value of dower was assessed in a gross sum and a personal judgment therefor rendered against the covenantee, that this was not “an eviction or something equivalent thereto.” In Lane v. Fury, 31 Ohio St., 574, it was held that “if the paramount title is so asserted that the grantee must yield to it or go out, he may purchase of the true owner, and this is an eviction which will constitute a breach of the covenant of warranty. It is not necessary that the paramount title be actually established by judgment or decree. ” In the case at bar the value of the dower interest was determined by the court and made a charge upon •the land; and it was ordered that in default of payment the lands be sold as upon execution; to this charge the grantee was compelled “to yield or go out”; and he paid the amount charged to the owner of the dower interest, This was an ■eviction within the rule laid down in Lane v. Fury. Indeed, if upon action brought for the assignment of dower by a person entitled the grantee should purchase the interest, no reason is perceived why he might not under the covenant of warranty recover not indeed the amount paid by him for the *717 interest, but the value of the interest as it should be determined in the aotion against the covenantor. We are quite satisfied that the amended petition states facts sufficient to constitute a cause of action on the covenant of warranty.
Richie, Leland & Róby, and Edwin Blank, for Plaintiff in Error.
Gable & Parmenter, for Defendant in Error.
For the reasons stated the judgment of the common pleas is reversed,, the demurrer to the amended petition is overruled, and the case remanded to the common pleas for further proceedings,
Note — Richie, Leland & Roby and Edwin Blank, for Plaintiff in Error: The interest which a married woman has in the land of her husband during coverture is property, and such inchoate interest will be protected and its value paid to the wife upon a sale of the real estate upon a claim which extinguishes the dower interest in the land. Black v. Kuhlman, 30 Ohio St., 196-199; Unger v. Leiter, 32 Ohio St., 210-213; Dingman v. Dingman, 39 Ohio St., 172-177; Mandel v. Clave, 46 Ohio St., 407-411.
At the death of the husband this inchoate interest in the lands of the deceased husband becomes a vested interest — a legal estate in the lands.
At common law a vested dower was not subject to sale and transfer to a stranger to the title, so as to vest in the grantee the right to maintain an aotion for its assignment in his own name, but when conveyed to a stranger the aotion for its assignment could only be brought in the name of the dowress. Citing: 17 Johns. 167; Douglass v. McCoy, 5 Ohio, at p. 527.
This decision was rendered in 1832, and the law thus stated has never been questioned by the supreme court of this state. That an unassigned but consummate dower interest of a widowiin the lands of her deceased husband is the subject of sale and conveyance to a stranger to the title and that such conveyance vests in the grantee an absolute and perfect title to the dower Interest, and notes executed for such dower interest are enforcible against the maker thereof has been the unquestioned law of Ohio since 1833. Todd v. Beatty, Wright 460. An inchoate dower being property and by the death of the husband this inchoate interest becoming a vested interest, which vested dower is real estate or property was held in Avery v. Durfrees, 9 O., 147.
A vested dower being property — being real estate — is subject to sale and conveyance as any other real estate in the absence of statutory provisions prohibiting such transfer. McMahon v. Gray, (Mass.) 5 L. R. A., 748; Strong v. Clem, 12 Ind. 37; Mitchell v. Winslow, 2 Story 630; Nicoll v. N. Y. R. B., 12 N. Y., 121; Stroughton v. Froust, 4 Backf., 379; 4 Kent’s Com. 269.
*718 That such assignments of equitable interest has always been a part of the common law of Ohio is settled in Moon v. Lancaster, Wright 35; Ford v. Renman, Wright 437; Weakley v. Hale, 13 O., 167; Pomeroy’s Eq. Jur. Vol. 1, section 137; Vol. 3, section 1270.
Unassigued dower is such property interest in real estate that a court of equity will subject it to the payment of a judgment against the dowress. McMahon v Gray, 150 Mass. 289; Payne v. Becker, 87 N. Y., 153; Pope v. Mead, 99 N. Y., 201; Boltz v. Stolz, 41 Ohio St., 540.
Under these cases a court can compel a dowress to oonvey her unassianed dower to a receiver that he may proceed to-have the dower assigned under the statute that it may be sold upon execution at law.
The provisions of the code required all actions to be brought, in the name of the real party in interest and abrogated the rule of tne common law which forbade the assignee of a claim or right to bring an action at law in his own name, and the provisions of section 4948 requiring the code to be liberally construed would authorize the grantee of an unassigned dower interest to maintain an action to recover the possession of tbatwhieb he has bought and paid for. Strong v. Clem, 12 Ind. 37, and authorities there cited.
The provisions of the statutes relating to assignment of dower are a part of the Code of Civil Procedure — sec. 57D7-6725a, R. S. — and are governed by sec. 4948, R. S., which governs part-third — secs. 4947 to 6793 R. S. inclusive-
Under the code the purchaser of an unassigned dower can, therefore, have his action to secure that which he has purchased and paid for,whether the proceeding be in equity or at law under the common law rules.
Gable <fc Parmenter, for Defendant in Error: Harry E. Baker had only such an estate as the dower statute specified, subject-to the terms of that statute and enforcible, if at all, in accordance with its terms. See. 5707 R. S , et seq.
The right to claim said estate was personal as well as optional in the said Harry E. Baber. Sec. 5708, R. S.
Dower is the estate in lands at one time owned by the deceased consort during coverture, after the same is estabished' in the manner fixed by the statute, either by metes and bounds, when possible (sec. 5712-13.) or,where no division can be made, then ;‘‘dower shall ,be assigned as of a third part of the-rents, issues and profits thereof to be computed and ascertained by the commissioners.” Sec. 57H. There is no other way to determine the dower estate nor its value; no other way to-establish this right in the lands; its assertion is optional with the surviving consort.
The statute provides that it begins only at, and dates from the time the petition is filed by the widow or widower and it terminates at death. It is not transferable, can not be conveyed until after it is set off or assigned. Miller’s Adm’r. v. Woodman, 14 O., 518, 520; Douglass v. McCoy, 5 Ohio, 527; 10 Ency. of Law (2nd Ed.) 146-147.
But whether the dower estate is transferable or not, it constitutes no claim upon or incumbrance against the estate until the petition has beenjfiled under the statute asking that dower be assigned, and this petition can only be filed by the surviv *719 ing consort. And, until the petition is so filed, the dower estate fixed by metes and bounds or in the rents, issues and profits, there is no breach of the covenant or warranty in the deed. 17 Ohio, 66, 68, 70-71.
In the case at bar, the judgment of $108.81 was a gross sum recovered by Susannah Bechtol against William B. Weyer, plaintiff herein. It was not an amount fixed by commissioners ■or under the statute as the one third of the rents, issues and profits, nor does it appear that dower could not have been assigned by metes and bounds, which is necessary to be shown before it can be assigned as of one third of the rents, issues and profits. Sec. 5714, B. S.; 17 Ohio, 71.
The court had no authority in the case of Weyer v. Bechtol to fix the gross sum of $108.81 as the value of the dower interest of Harry E. Baker, and under the cases cited, there was no eviction nor equivalent thereof, or no breach of covenant of warranty in the deed executed by Mr. Sager conveying the lot to Weyer.
The covenant in the deed is “that grantor will defend said premises against all lawful claims and demands”, but not to institute unnecessary suits to quiet title or permit his grantee so to do and pay the costs for the same. Therefore,the plaintiff Weyer, had "no right to institute suit against Susannah Bechtol, and had no right to call upon this defendant to say the amount fixed by the court, or his attorney’s fees or costs of that action because, until the dower estate was asserted in the statutory way, and only way it can be, there was no lawful claim to defend against, and defendant was not bound by his covenant to defend. Gist v. Kenner, 2 Handy, 94; Great Western Stock Co v. Saas, 24 Ohio St., 552.
The plaintiff claims that he is entitled to reoover from the defendant a gross sum of money which he paid to Susannah Bechtol for an alleged dower interest of Harry E. Baker,which was never set off by metes or bounds, or in the rents, issues and profits. Said Baker never filed any petition asking therefor, but attempted to convey such interest to Susannah Beohtol, and who never petitioned for the assignment of dower under the statute, who never asserted any interest in the lot until Weyer, plaintiff, brought suit against her to quiet title, and then the court, it is claimed, fixed in a gross sum the value of the dower estate under a cross-petition filed by said Susannah Bechtol, but such assignment was not in the way which is provided by the statute (sec. 5712,6714, B. S.) The defendant was not a party to that suit.
Contended: First. That until dower be assigned , under the statute, Harry E. Baker could not transfer anything to Susannah Bechtol:
Second. That a dower estate never becomes a lien, estate or incumbrance as against the covenants in a deed until it is filed under the statute; for, until such time, no eviction can take place, and no breach in the covenants in the deed occurs;
Third. The amended petition in this case does not show that Harry E. Baker was alive at the time of the arrangement between the plaintiff, Weyer, and Susannah Bechtol, October 4, 1899. Harry E. Baker may have been dead on that date; and, as no petition had yet been filed asking for the assignment of dower, the dower estate had not yet begun, and, unless it is *720 shown that Harry E. Baker was alive at the time a petition was filed, asking for the assignment of dower, the right to the estate can not be established. The petition in this case is de* feotive and demurrable for this reason as well as the other reasons above stated;
Fourth. That the date of the deed from Massa W. Baker to Newton Sager is not given, and as the statute giving the husband a.dower interest was passed April 8,1889, and as the petition fail to show that this deed from her to Newton Sager was executed subsequent to that date, the petition is demurrable for this reason. For,if Sager took the land charged with such inchoate rights therein as existed in favor of Harry E. Baker, no subsequent act of the legislature, such as giving a different estate to a husband in the lands, could increase the rights of Baker in the lot as against the right of Sager. Otherwise, such act of the legislature would have a retroactive effect and take the property purchased by Sager without due process of law.
The cases cited by plaintiff’s counsel, in support of their contention are not applicable to the issues raised'by the record in this case. One class of cases hold that an execution creditor after his execution is returned unsatisfied, may reach an unassigned dower interest, but he can only do this under a special statute, and through a receiver ordered by the court to have the dower assigned in the manner provided by the statute. Bolt v. Stotz, 41 Ohio St., 550-551. The distinction is that while a widow or widower can not assign to a stranger, still his interest may be reached by a court of chancery setting in operation the dower statute where the widow fails to invoke it.
If the oourt find that a widower may, before the same is set off,transfer the undetermined dower interest to a third person, still in this oase, the acts stated in the amended petition preclude a recovery; hence the demurrer should be sustained, and judgment of the court of common pleas affirmed.